**Billy Ray MORROW, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14055.**

Court of Criminal Appeals of Oklahoma.

July 12, 1967.

Tony Jack Lyons, Pryor, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

This is an attempted appeal from the County Court of Mayes County, where the defendant, Billy Ray Morrow, was convicted for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. The State filed a Motion to Dismiss for the reason that there was no written notice of intent to appeal to the Court of Criminal Appeals filed in the manner prescribed by law, nor was there a judgment and sentence contained in the casemade complying with the requirements as set forth in Greenwood v. State, Okl.Cr., 375 P.2d 661.

After having considered the arguments and authorities cited by the respective parties, we are of the opinion that this appeal must be dismissed for the reason that notice of intention to appeal was not given in the manner prescribed by law, and further, the casemade does not contain a judgment and sentence rendered in accord-

ance with the requirements of Greenwood v. State, supra, which are:

"No particular language, or form of words, is necessary in rendering and recording a judgment of conviction in a criminal cause, but the term 'judgment' within the meaning of Title 22 O.S.A. § 1051 must be in writing and contain these recitations: (1) The date when judgment was rendered, (2) Against whom and for what offense, (3) That sentence was pronounced in accordance with the verdict; and, (4) The signature of the judge of said court."

For the reasons above set forth, the attempted appeal is dismissed.

NIX, P. J., and BRETT, J., concur.